UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARIETTA LEGERE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOCIAL SECURITY ADMINISTATION )<br>COMMISSIONER, )<br>)<br>Defendant ) | No. 1:09-cv-413-JAW |

## REPORT AND RECOMMENDED DECISION

On June 6, 2007, Marietta Legere, a thirty-two year old woman from Old Town, Maine, applied for Title II disability insurance benefits and Title XVI supplemental security income, alleging that she has been disabled since September 1, 2004. Legere suffers from a substance addiction disorder and has been diagnosed as suffering from major depression and anxiety and affective disorders. She has received a diagnosis of personality disorder, as well. The Administrative Law Judge found that Legere has the following severe impairments: polysubstance abuse disorder resulting in anxiety and depression. However, he also found that Legere's mental impairments, when not abusing drugs, were non-severe, presenting only mild limitations. Because the substance abuse disorder was a contributing factor material to the determination of disability, the Administrative Law Judge denied Legere's claim. Legere alleges that the Administrative Law Judge erred at Step 2 of the five-step sequential evaluation process because he failed to include her personality disorder diagnosis among her severe impairments. According to Legere, this error undercuts the Administrative Law Judge's finding that her

substance abuse is a contributing factor material to the determination of disability. I recommend that the Court affirm the Administrative Law Judge's decision.

## DISCUSSION

Legere asserts two errors in her Statement of Errors. The first alleged error involves the Administrative Law Judge's failure to include a personality disorder among Legere's Step 2 severe impairments. The second alleged error concerns the Administrative Law Judge's application of the substance abuse bar. (Statement of Errors at 2, 6.)[1]

**A.     Omission of personality disorder among the Step 2 impairments**

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. See Goodermote v. Sec'y of Health and Human Servs., 690 F.2d 5, 7 (1st Cir. 1982) (setting forth the five-step sequential process as a "framework simply to orient the reader as to where we are in the constellation of SSI rules and regulations."). At step two the Administrative Law Judge must determine whether the claimant has a medically determinable impairment that is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). The claimant bears the burden of proving to the Commissioner that an impairment is "severe," though this is understood to be a *de minimis* burden, designed merely to screen out groundless claims. McDonald v. Secretary of Health & Human Servs., 795 F.2d 1118, 1123 (1st Cir. 1986). An impairment or combination of impairments is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a).

---

[1]     At hearing, Legere's counsel described this appeal as a "one-trick pony," arising only because the Administrative Law Judge erred in failing to discuss the personality disorder at Step 2. I construe this statement as conceding that the second alleged statement of error depends on the first; that an RFC finding would have been called for if the personality disorder were treated as severe at Step 2.

Proving the existence of one or more severe impairments at Step 2 does not entitle the claimant to benefits. Impairments identified as "severe" at Step 2 are measured against the Commissioner's Listings at Step 3 to determine if they are severe enough to automatically qualify for disability benefits.[2] 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If the impairments do not meet a listing or are not substantially equivalent to a listing, they are still considered for purposes of developing a residual functional capacity (RFC) finding to apply in Steps 4 and 5. Id. §§ 404.1520(e), 416.920(e). If an error is made at Step 2 because the Commissioner has failed to find that a particular impairment is severe, that error is necessarily harmless on appeal, unless the plaintiff can demonstrate to the Court that the error would call for a different resolution of her claim at Steps 3 through 5. Bolduc v. Astrue, No. 09-cv-220-B-W, 2010 WL 276280, *4 n.3 (D. Me. Jan. 19, 2010) (Rich, Mag. J., Rec. Dec. adopted by Woodcock, C.J.) (collecting cases).

In this case the Administrative Law Judge walked through the first three steps of the sequential process, omitting reference to a personality disorder in his Step 2 findings (Finding 3, R. 10), but nevertheless concluding at Step 3 that Legere's other mental impairments satisfied Listing 12.09 with reference to Listing 12.04 and Listing 12.06. (Finding 4, R. 10-11.) From there, the Administrative Law Judge determined that when Legere is not abusing drugs "her mental impairment is not severe." (R. 11.) In this regard he found she has only mild limitation in activities of daily living, social functioning, and concentration, persistence, and pace, without any episodes of decompensation, so long as she is not abusing drugs. (R. 11.) In support of

---

[2] Whether or not a particular disability meets a listing is a determination made at step three of the five-step process. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). An impairment that meets a listing and also meets the durational requirement calls for a finding that the claimant has a qualifying disability. Id. §§ 404.1520(d), 416.920(d). Listings are specific in their requirements. Listing 12.09 is met if the claimant's substance addiction has resulted in behavioral changes or physical changes that meet the listing for one of nine other impairments. Appendix 1 to 20 C.F.R. Part 404, Subpart P, § 12.09. Among these are "depressive syndrome" under Listing 12.04, anxiety disorders under 12.06, and personality disorders under 12.08. Id. § 12.09(B)-(D).

these findings the Administrative Law Judge could draw on medical expert opinions by Dr. Lewis Lester, Ph.D. (Ex. 7F, R. 339), and Dr. Philip Walls, M.D. (Ex. 10F, R. 441).

Legere argues that the Administrative Law Judge erred in omitting her personality disorder from her constellation of Step 2 limitations. She maintains that, had the Administrative Law Judge properly included her personality disorder among her Step 2 mental impairments, he would have had a residual impairment to address for purposes of Step 3 or for purposes of fashioning an RFC, even assuming that substance abuse is a material contributing factor to finding severe impairments associated with anxiety and affective disorders. (Statement of Errors at 4-5.) The diagnosis of personality disorder can be supported by medical evidence in the record. Dr. Bruce T. Saunders, Ph.D., ABPP, and Kathleen M. Saunders, M.S., conducted an evaluation of Legere's mental status in 2006 pursuant to a DHHS referral connected with a child custody issue concerning Legere's fitness to comprise part of a family unit for her child. (Ex. 3F, R. 210-220.) The Saunders opined that Legere's "profile is indicative of a long-standing personality problem" suggestive of "diagnostic possibilities including personality disorder." (R. 217.) Based on certain diagnostic tools, the Saunders offered the following Axis II diagnosis: "Personality Disorder with Borderline, Antisocial, Paranoid, Negativistic and Obsessive-Compulsive Traits and Features." (R. 219.)

In August 2007, the SSA referred Legere's file to Dr. Lewis Lester, Ph.D., for review of her mental conditions. Dr. Lester reviewed Legere's medical records, including the Saunders evaluation, and concluded that her treatment records supported a finding of severe mental impairments of depression, anxiety and substance addiction, none of which reached the level of a listing. He did not regard the records as supporting a finding of a severe personality disorder. (Ex. 7F, R. 339, 351.) Dr. Lester offered an assessment for purposes of an RFC finding and

4

opined that Legere suffered marked limitation in at least one activity associated with each of the three areas of mental functional capacity. (Ex. 8F, R. 353.)

In March 2008, prior to denial of her claim by the Federal Reviewing Official (Ex. 3A, R. 39), the file was sent to Dr. Walls for a case analysis, including Legere's degree of limitation when not abusing drugs. (Ex. 10F, R. 441.) Dr. Walls concluded that Legere's mental impairments meet Listing 12.09 when she is abusing drugs but that the medical records reflect she has only mild limitations in all three categories of mental functional capacity when she is not abusing drugs. (Id.)

The Administrative Law Judge's refusal to include a personality disorder among Legere's Step 2 impairments must be supported by "substantial evidence," that is, evidence that a reasonable mind might accept as adequate to support the finding in question. Richardson v. Perales, 402 U.S. 389, 401 (1971); Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). Dr. Lester's psychiatric review, which expressly included a review of the Saunders evaluation, is substantial evidence that the personality disorder is not severe for SSA purposes.

The Administrative Law Judge acknowledged that Legere had a number of diagnoses, including posttraumatic stress disorder, panic disorder with agoraphobia, generalized anxiety disorder, attention deficit disorder, and depression that met a listing when she was abusing drugs. (R. 10.) Although Dr. Walls did not mention the Saunders evaluation, his case analysis followed Dr. Lester's psychiatric review of Legere's records and Dr. Lester's assessment that a severe personality disorder is not established is substantial evidence in support of the

Administrative Law Judge's Step 2 finding.[3] The Administrative Law Judge did not err in his Step 2 finding that Legere's personality disorder is not among her severe mental impairments.

**B.      Denial of Disability Benefits to Drug Addicts and Alcoholics**

In 1996, Congress enacted legislation to preclude disability benefits in those cases where alcoholism or drug addiction is a contributing factor material to the determination of disability. See 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); Contract with America Advancement Act of 1996, Pub. L. 104-121 § 105, 110 Stat. 847, 852-55 (1996). The Commissioner has adopted regulations that guide the administrative determination of whether a substance abuse disorder is a contributing factor material to the determination of disability. See 20 C.F.R. §§ 404.1535, 416.935. Pursuant to the regulations, the "key factor" in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether the person would still be disabled if she stopped using drugs or alcohol. Id. §§ 404.1535(b)(1), 416.935(b)(1). In this case the administrative law judge found that Legere's impairments were severe and met the listing requirements of a substance abuse disorder (Listing 12.09) with reference to an underlying affective disorder (Listing12.04) and anxiety disorders (Listing 12.06). However, he also concluded that if she stopped abusing substances, the remaining limitations would have no more than a minimal impact on her ability to perform basic work activities.

Legere asserts that the Administrative Law Judge erred because he did not assess whether she was disabled by her mental impairments before considering the extent to which her substance

---

[3]      The assessments by Dr. Lester and Dr. Wall are not fully consistent insofar as Dr. Lester seemingly indicated that there would be a need for an RFC even in the absence of substance abuse. (R. 355.) I say seemingly because it is not clear the extent to which Dr. Lester's RFC is based on substance abuse, which tends to explain the subsequent referral to Dr. Wall. Nevertheless, Dr. Lester's psychiatric review qualifies as substantial evidence that Legere's records do not support a finding of a severe personality disorder.

6

abuse contributed to the impairments. (Statement of Errors at 7.) To the contrary, the Administrative Law Judge found that Legere met a listing and qualified as disabled at Step 3. (Finding 4, R. 10-11.) His subsequent findings that this disability arose only because of substance abuse and that, in the absence of substance abuse, there are only mild limitations in the first three mental functional capacity areas, without any decompensation, are supported by substantial evidence in the form of Dr. Wall's case analysis. (Finding 5, R. 12, 15-16.)[4]

## Conclusion

For the reasons set forth in the foregoing discussion, I RECOMMEND that the Court AFFIRM the Administrative Law Judge's Decision and enter judgment in favor of the Commissioner.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 28, 2010

---

[4] When it comes to evaluating mental impairments, the regulations provide that a finding of only mild limitations in the first three mental capacity areas and a finding of "none" in the fourth area (episodes of decompensation) "will generally conclude" with a finding that "your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1). Having arrived at this pass in reliance on substantial evidence in the record, the Administrative Law Judge appropriately expounded on why he concluded that the evidence did not otherwise indicate more than a minimal limitation in Legere's ability to perform basic work activities in the absence of substance abuse. This finding is not separately challenged in the Statement of Errors.